## THOS. G. MOSELEY v. JOHN C. COLDWELL.

BANKRUPTCY. *Debt discharged by. What promise insufficient to release it.* J. F. Neil (the bankrupt) said to Anthony Thomas "that Mr. Fields (the creditor) had befriended him quite a number of times, and that he intended to pay him every cent he owed him—that he felt grateful to Mr. Fields for what he had done for him since he came home from the war. He did not specify any special debt that he owed to Mr. Fields, but said he intended to pay them all." These declarations were not made to Fields, nor in his presence, nor to any agent of his. *Held,* Insufficient to revive the debt.

Taylor *v.* Nixon, 4 Sneed, 356; 1 Parsons on Contracts, 382.

### FROM BEDFORD.

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

T. B. IVIE and T. R. MYERS for Moseley.

E. COOPER for L. P. Fields.

No brief appears for John C. Coldwell.

NICHOLSON, C. J., delivered the opinion of the Court.

The estate of James F. Neil being in process of administration, in the Chancery Court at Shelbyville, under the insolvent laws, L. P. Fields presented several claims against the estate, which were created prior to the time that Jas. F. Neil had filed his petition to become a bankrupt.

It was admitted by Fields that Neil had been discharged as a bankrupt, but he relied on a subsequent promise to pay his claims, and the only question in the case is, whether the proof is sufficient to make the estate responsible?

It is settled by all the authorities, that a promise to pay a debt discharged by bankruptcy, must be direct and unequivocal; but a general declaraction of intention to pay, in respect to the bankrupt's creditors at large, and referring to no particular debt, except the debt to plaintiff, would not be a promise on which an action could be based. *Taylor v. Nixon*, 4 Sneed, 352.

The only evidence in the present case is that of the witness, Anthony Thomas, who says: "J. F. Neil said that Mr. Fields had befriended him quite a number of times, and that he intended to pay him every cent he owed him; that he expected to get money

14—vol. 3.

from the sale of a piece of land in Rutherford County; that he felt grateful to Mr. Fields for what he had done for him since he came home from the war. He did not specify or designate any special debt that he owed to Mr. Fields, but said that he intended to pay them all."

These declarations were not made to Fields, or in his presence, nor to any agent of his, but they seem to have been mere expressions of his grateful feelings to Mr. Fields for his kindness, and general declarations of his intentions to pay him all he owed him.

In this proof there is no direct and unequivocal promise to Fields to pay his debt. In a note to 1 Parsons on Contracts, 382, it is said that mere statements to third persons that he had promised to pay the debt are not in themselves sufficient. They afford some grounds to raise the presumption of a promise, but are not such in themselves.

Much less do the declarations of Neil to the witness of his intention to pay Field's debt amount to any presumption of a promise to Fields.

We think the evidence is insufficient to establish the new promise, and that the Chancellor's decree disallowing the claims was correct, and must be affirmed with costs.